IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JACK BROWN,<br><br>            Plaintiff,<br><br>vs.<br><br>NATIONAL ACCOUNTS SYSTEM OF OMAHA, LLC;<br><br>            Defendant. | 8:24CV209<br><br>MEMORANDUM AND ORDER |

      This matter is before the Court on the Complaint, Filing No. 1, and Motion for Leave to Proceed in Forma Pauperis ("IFP"), Filing No. 2, filed by Plaintiff Jack Brown ("Brown") on June 6, 2024. Upon review of Brown's IFP Motion, the Court finds that Brown, a non-prisoner, is financially eligible to proceed in forma pauperis. The Court now conducts an initial review of Brown's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

      Brown sues Defendant National Accounts System of Omaha, LLC ("NASO"), a Nebraska limited liability company engaged in the debt collection business in Omaha, Nebraska. Filing No. 1 at 2, 6. Brown alleges NASO engaged in "business practices that encourage or require violations of the 5th, 6th, and 7th Amendment[s] and uses public officials to do so." *Id*. at 4 (spelling and punctuation corrected).

      In his "Statement of Claim," Brown refers to an attached unsigned and undated "Counterclaim" captioned National Account Systems of Omaha LLC v. Jack Brown in the County Court of Douglas County, Nebraska. *Id*. at 6–8. In the Counterclaim, Brown alleges NASO "brought the complaint against [Brown] on October 29, 2023, in the

County Court of Douglas County" and that NASO violated his rights under the Fifth, Sixth, and Seventh Amendments. *Id*. at 6–7, ¶¶ 3, 9–10 (punctuation corrected). A search of Nebraska state court records, available to this Court online, shows that NASO filed a complaint against Brown in Case No. CI23-21185 seeking to recover a debt of $640.00 plus interest related to a landlord/tenant relationship, which debt was assigned to NASO for collection.[1] The state court records also show that Brown filed the Counterclaim attached to his Complaint here in the Douglas County Court on June 10, 2024. NASO filed a motion for summary judgment in the Douglas County Court, which is currently pending and set for hearing on July 11, 2024.

As relief, Brown seeks a "[c]hange in laws to further prevent this from happening." *Id*. at 5.

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase*

---

[1] This Court has been afforded access to the computerized record keeping system for the Nebraska state courts. The Court takes judicial notice of the state court records related to this case in *National Account Systems of Omaha LLC v. Jack Brown*, Case No. CI23-21185, County Court of Douglas County, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

2

Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. ANALYSIS OF COMPLAINT

Liberally construed, Brown brings this action against NASO under 42 U.S.C. § 1983 for a deprivation of his constitutional rights "under color of law." Filing No. 1 at 3. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law.

3

*West v. Atkins*, 487 U.S. 42, 48 (1988). For the reasons that follow, Plaintiff's Complaint fails to state a § 1983 claim upon which relief may be granted.

Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). While complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must comply with the Federal Rules of Civil Procedure. Here, Brown's Complaint fails to meet this minimal pleading standard. Brown alleges no facts in support of his conclusory assertions that NASO is violating his constitutional rights.

Moreover, only state actors may be held liable under section 1983. *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001). "A private party may be deemed a state actor for purposes of section 1983 liability when he acts under cover of state law and performs a function 'traditionally exclusively reserved to the state.'" *Reasonover v. St. Louis Cty., Mo.*, 447 F.3d 569, 584 (8th Cir. 2006) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352 (1974)); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982) (party is subject to suit under 42 U.S.C. § 1983 if "the conduct allegedly causing the deprivation of a federal right [can] be fairly attributable to the State"); *Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007) (private party may be characterized as state actor for purposes of section 1983 when "the state has

4

delegated to a private party a power traditionally exclusively reserved to the State," "where a private actor is a willful participant in joint activity with the State or its agents," and "where there is pervasive entwinement between the private entity and the state," with the ultimate conclusion turning on the particular facts of the case (internal quotation marks and citations omitted)).

Here, Brown alleges no facts suggesting that NASO performed acts delegated to it by the state; that NASO willfully participated in joint activity with the state; or the existence of a "pervasive entwinement" between NASO and the state.  Liberally construed, Brown alleges NASO "use[d] public officials in order to procure a profit" by maliciously prosecuting Brown in state court.  Filing No. 1 at 7; *see also* Id. at 4.  However, NASO's mere invocation of legal proceedings and alleged misuse of state statutes does not make NASO a state actor for purposes of 42 U.S.C. § 1983. *See* Carlson v. Roetzel & Andress, 552 F.3d 648, 651 (8th Cir. 2008) ("Defendants' 'mere invocation of state legal procedures' is not state action" where Defendants were private parties who did not seek prejudgment attachment of debtor's property) (distinguishing Lugar, 457 U.S. at 939 n.21 ("[W]e do not hold today that a private party's mere invocation of state legal procedures constitutes joint participation or conspiracy with state officials satisfying the § 1983 requirement of action under color of law.  The holding today . . . is limited to the particular context of prejudgment attachment." (internal quotations and citations omitted))); Wickersham, 481 F.3d at 598 ("[T]he mere invocation of state legal procedures, including police assistance, does not convert a private party into a state actor."); *see also* Lugar, 457 U.S. at 941 ("private misuse of a state statute does not describe conduct that can be attributed to the State").

5

Because Brown's Complaint lacks any allegations that NASO was acting under color of state law for purposes of section 1983, Brown's Complaint fails to state a section 1983 claim upon which relief can be granted and is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2). The Court will dismiss Brown's Complaint without leave to amend as Brown is pursuing the same claims asserted here in state court. *See Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004) ("Under *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), federal courts should abstain from exercising jurisdiction in cases where equitable relief would interfere with pending state proceedings in a way that offends principles of comity and federalism."). Additionally, the relief Brown requests, i.e., a "change in laws," Filing No. 1 at 5, is not something the Court can order NASO to do nor does NASO have any apparent ability to carry out such relief if the Court could order them to do so.

IT IS THEREFORE ORDERED that:

1. Brown's Motion for Leave to Proceed in Forma Pauperis, Filing No. 2, is granted, and the Complaint shall be filed without payment of fees.

2. This matter is dismissed without prejudice for failure to state a claim upon which relief may be granted.

3. The Court will enter judgment by separate document.

Dated this 17th day of June, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge